23-2067. Counselor Koenig, you have fifteen minutes. Bless whatever rebuttal it is. Don't rebut yourself. Good morning, Your Honors, and may it please the court. The decision of the Armed Services Board of Contract Appeal, awarding attorneys fees pursuant to the Equal Access to Justice Act, or EJA, should be vacated. Determining whether the government's position was substantially justified, the ASBCA, or the Board, clearly considered the government's litigation position only on the issue on which the contractor prevailed, instead of considering the litigation position holistically, which runs afoul of the Supreme Court precedent in Commissioner Ins v. Gene, this Court's precedent, and the precedent of nearly every circuit to consider the issue. And the every circuit, I mean, I think you recognize the D.C. Circuit is somehow to the  How many are on the other side, like three? Your Honor, the D.C. Circuit has rejected the holistic approach, although it did not grapple with Gene in the decision, Jacobs v. Schiffer, that we've cited in the brief. We've cited a number of circuits that have decisions agreeing with or supporting the holistic approach, including the 5th, the 10th. Do you have a specific circuit that you think we should contemplate applying in terms of the approach? Because I do think the different circuits were dealing with it differently. Yes, Your Honor, the 5th Circuit's decision in WMDC, I think, considers the issue in the most depth, and really explicitly rejects the D.C. Circuit's approach, and explains why it believes the D.C. Circuit's approach is inconsistent with Commissioner Ins v. Gene. But you need not look outside of this Court's own precedent, because this circuit has already endorsed a holistic approach. Back in 1991, in Chu v. United States, the Court instructed trial courts to look at the entirety of the government's conduct in order to assess the government's overall litigation position. And more recently, in DGR Associates v. United States, this Court also considered the government's position on two different arguments. There was a jurisdictional argument, and there was a merits argument. And in that case, the Court said, although it's questionable whether the government's jurisdictional position was substantially justified, when viewed in the overall context, concluded that the government's position was justified to a degree that could satisfy a person. And thus, reversed the trial court, which had concluded that the government's position was not substantially justified. You mentioned DGR. What was the first case from our court that you mentioned? Chu v. United States, CHIU, I've also cited in the brief. We also cited this Court's unpublished decision from 2022 in Monroe v. United States, which cites CHIU, as well as a couple of other cases, international custom products, and Berrea v. Principi. Can you help me understand how this is supposed to work on the assumption that there's some holistic or whole litigation or something like that? I guess I really have a couple of different questions. One is, let's assume that's right, and there's going to be a separate thing. Is this really one of those? How do the courts, or should, in your view, the courts decide? So there are two claims in a single case, let's say. And let's actually say that they, for hypothetical, that they are asking for distinguishable enough relief, and the plaintiff wins on one and loses on the other. What's the next step in the holistic analysis? Comparing the amounts? I mean, the courts and the boards are instructed to consider the government's entire litigation position, and also its pre-litigation position, also its position on remand. I mean, in a number of the different cases, there's a lot of different positions of the United States. But I believe that exactly how you would weigh it. I mean, I understand that if there's essentially a single claim, and the government says, we have four defenses, and the government succeeds on one or something, and others are not good, then maybe that's one thing. This is kind of stages of the litigation toward kind of a single outcome. But I guess I'm trying to understand the situation of relatively distinct claims, let's assume actually different relief, how that works. You know, the plaintiff wins on one of them, gets $180,000 that just by assumption doesn't overlap with the $450,000 on the claim it lost. Your Honor, I think that would be a fact-specific question for the fact finder in the first instance to balance the claim on which the government won. Right, but language like that is not helpful in trying to figure out whether if we agree with you that some sort of as a whole analysis is required, that we're buying something that's doable or sensible. Well, Your Honor, I think if this court were to agree that a holistic approach is either the correct approach because it's, we've already said so in a number of other cases in the circuit, or because it's mandated by the Supreme Court precedent, or because it's persuaded that that's just the correct approach, that is all that this court needs to decide today because the board did not make any findings as to the government's litigation position as to the other claims on which it prevailed. But counsel, I also share Judge Toronto's concern that we're not really giving much guidance as to what to do to actually apply this holistic approach. And I think, I don't want to speak for him, but I think that he's just trying to maybe get at kind of the contours of what, how it would actually be carried out in practice, let's say it that way. Yeah, I mean, I understand the court's concern, but it really is, I mean, it's a balancing, I think there could be, it could be taken into account the actual legal positions that were taken, it could be the amount of recovery, I think that there could be a number of factors that are taken into account. Isn't the problem that we're trying to define what the holistic approach is as opposed to identifying the instances in which it's not? And here, for example, the board acknowledges, and it says at JA4, it says while the entirety of the government's litigation position must be considered and determined, so it acknowledges, right? The entirety of the government's litigation position, it says, is substantially justified rather than its posture of individual issues, so far so good. Then it goes on, it says, and here's the problem. That entirety relates to the government's position on a particular claim to which the contractor prevailed and not to the litigation as a whole. That seems to me to be a clear misunderstanding of this, looking at the entirety of a government's position. Oh, that's correct, your honor. That is the exact language with which we have a problem. The second part of that phrase where the board said the entirety of the government's contract is only about the particular claim on which the contract prevailed. We would have to send this back and have the board look at this from just the entirety of the government's position. That's correct, your honor. We're not asking this court to make those findings in the first instance because the board failed to make the findings as to the government's position as a whole or the government's position on the claims on which it won and how that balanced against the litigation position on the claim on which it did not win. We would ask the court to vacate the ASPCA's decision on attorney's fees and remand back to the board to make those findings and do that balancing to consider whether the conduct as a whole was substantially justified. Are there separate claims in a contract disputes act since here based on, on one hand the culvert and the other the backflow or something, the non-culvert claims? Your honor, there was only one claim letter in this case. There were two distinct issues, but there was only one claim letter. Either the contract officer or someone described these as separate claims. The board's decision. I think in CDA cases is fairly finicky about keeping track of separate claims largely for exhaustion purposes. Yes, your honor. The board does, the board does may attempt to make this distinction between individual issues versus particular claims. We've argued in the brief and today that this, this distinction is meaningless. It doesn't, it doesn't make sense and it's not consistent with the court's decision in Jean. Could, could, could, could, what's the name of the company? CKY have brought two separate actions in front of first contracting officer, second in front of the board. Your honor, I'm, I don't know that they could have, because again, there was one, there was one claim letter and there was one relevant contract modification which the government had argued, resolved both claims, both issues that the contractor raised, both the high river water level and the undisclosed culverts issue. And so the government's, the government's defense was, was that the one contract modification addressed both issues and the ASBCA disagreed. So although there was, there were two different, there were two different bases for the claim that the, that CKY submitted. There were actually even two different amounts. One was, none of this is confidential, right? There were, correct, your honor. There's $180,000, which is like, or with change, change on the culvert claims and that's what they won. And there's, you know, you know, half a million or something on, on the ones that they lost. Well, your honor, the, the CKY never distinguished how much of its claim was for specifically the high river water level versus the undisclosed culverts issue. Their original claim before the ASBCA was $1.1 million or maybe that was to the agency. And then when they came to the board, they were asking for 700,000, again, not distinguishing which amount was for which claim. The amount of $185,000, which CKY ultimately recovered was due to a, a settlement on the quantum. So it isn't necessarily that the $185,000 was for that issue and the remainder was for the claim on which the government won. I think it's a little bit more nuanced. I guess I'm, I'm looking at, what am I looking at? This is I think the contracting, yeah, contractor officer's final decision that begins at page 65. If you turn to page 75, there's an itemization, different dollar amounts for high river impacts. And I'm looking at B and C, little B and C on that page under 10. And the culverts claims, different amounts, separate dollar amounts. And I think either there or elsewhere, the word claim is used in the plural several times. Yeah. Your Honor, I would point you back to the, the board's decision in this case where the, at appendix pages eight and nine, the board finds that the appellant's original claim did not identify how much of its total claimed amount was attributable to the high river impacts and how much to the undocumented culverts. So where, where does this material on page 75 come from? Somebody at some point identified amounts. Yeah. I mean, you're right. That was from the contracting officer's final decision. I, I believe the original claim letter may not have distinguished. And at some point along the way, there may have been an attributing some amount to some and some amount to the other. But, but again, the, the quantum that CKY ultimately recovered was due to a, was due to a settlement of the quantum after the ASBCA concluded that they had prevailed on one claim and lost on the other. And, but, but in, on remand, if this court were to agree that they, that the holistic approach is the correct one and that the board did not apply the correct standard, the, the board would have to consider the entirety of the conduct including... How does that? So, I mean, Commissioner Against Gene, you know, has a bit of language in a very different context that, you know, gives you and gave a number of circuits a, you know, good basis to begin, but it doesn't actually cover this kind of  And there's a lot in certainly Supreme Court decisions, I'm sure other decisions too, about not wanting to make the attorney's fees portion of a litigation itself. Isn't that a worry with saying, now go and figure out under standards that are essentially indefinite. Consider a lot of things. We have no idea what to tell you about how to consider them. It might not be a numerical comparison of what was won and what was lost. Maybe it would. We don't know. Consider that. At this point, the attorney's fees litigation is getting, you know, bigger and bigger. Of course, it might be entirely one sided, maybe. I mean, the other side might not show up. I don't know. But on the assumption that they show up, there's, this is more and more and more costs. Your Honor, I, I, two quick responses and I see my time is up, but I, I do. Although the facts from Commissioner versus Gene are not identical to the situation we have here. The court does. So I, I, I don't, I want to hear about how it doesn't, it, it provided a principle. It stated a principle in a radically different context. I'm willing to, to consider that that means something. But it didn't have to address this problem of are we creating a standardless standard for multi-claim litigation about how to figure out what the whole is versus the unjustified parts. Yeah. Your Honor, again, I don't, I don't know that, that simply because we're looking at the entirety of the conduct that there is, that there are no standards. Different courts in many circuits have considered both pre-litigation versus litigation positions or multiple different arguments during merits litigation or positions on remand. I mean, there are standards that have come out of the cases that have considered and decided these issues, but the, this holistic approach, even if it might not be the easiest to apply is, is what's consistent both with the Supreme Court precedent, as well as the purpose of EJA, which is to only provide attorneys fees award for unreasonable government positions. Is it your position that the party needs to prevail on the claim that has the bigger monetary value in order to prevail as a whole? We would not argue that there would, there would be any sort of breakline rule or that, that, that, that a litigation position on only one claim could sway the consideration of substantial justification, whether or not it's the larger claim. It's not your position that the plaintiff, if there are two claims has to prevail on both to prevail as a whole, right? No, Your Honor. No. That's not your position, right? That's not our position. The, the, the contractor could be a prevailing party on only one claim out of many, or a couple of claims out of many. The substantial justification question should consider the conduct as a whole, and then, and then only if the government's conduct as a whole has no substantial justification, can there be an attorney's fees awarded for the claims on which there should be. Is it your view that there really is at this point no particular standard as to, as to what this, how to, how to, how to consider the, the litigation as a whole or how to take this holistic approach? Your Honor, I, I would disagree that there are no standards because, because there are a number of cases that we've cited in the brief that have considered the issue, a number of trial court decisions. And I mean, in addition to a number of trial court decisions and board decisions that have, that have looked at. And these are the cases you cited in your brief? A lot of the cases that we've cited in our brief were appellate cases, reviewing attorney's fees awards, but, but that. I guess I'm asking this because if we were to remand, what is it we would say? What, what? We would ask this court to direct the, the ASBCA in this case to consider the entirety of the government's conduct, including its position on all of the issues, which is what the board clearly did not do. That's instructing them what to do. Yeah. But should, should we not also have something about how to do it? What are the steps? I'm, I'm, I'm confused there. And I think I may have heard the same from my colleagues. Well, Your Honor. None of that's been briefed. I mean, you may cite cases that have in them the standards, but what those standards are is not in any way part of your brief or the other side's. No, Your Honor. Although the briefs to the board are in the appendix in this case where we argued why our position was substantially justified, not only on the undisclosed culverts issue, but on the other issues or as, as a whole in its entirety. But I think that there are some, there are some considerations that courts have looked at, including whether the case is an issue of first impression, what the basis of fact and law are, the amount of recovery, the number of claims on which the contractor prevailed. I think that there are, there are considerations that have been used in different cases. Here's your five minutes over your time. In tune. Thank you very much. Thank you, Your Honors. Thank you.